MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donnie Phillips, ) | No. CV 1-08-1388-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Timothy Turmezei, et al., ) | |
| Defendants. ) | |

On August 22, 2008, Plaintiff Donnie Phillips, who is confined in the Pelican Bay State Prison in Crescent City, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) in the Sacramento Division of the United States District Court for the Eastern District of California. In a September 17, 2008 Order (Doc. #7), United States Magistrate Judge Kimberly J. Mueller ordered the case transferred to the Fresno Division of the Court. Plaintiff filed an Objection (Doc. #13) to the intradistrict transfer.

This case was reassigned to the undersigned judge on November 25, 2008. The Court will dismiss the Complaint with leave to amend and will deny Plaintiff's Objection.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

JDDL

1   be granted, or that seek monetary relief from a defendant who is immune from such relief.
2   28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
3   allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
4   before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
5   (*en banc*).

6   The Court should not, however, advise the litigant how to cure the defects.  This type
7   of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.
8   Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
9   whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint
10  will be dismissed with leave to amend because the Complaint may possibly be saved by
11  amendment.

12  Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement
13  of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be
14  simple, concise, and direct."  A complaint having the factual elements of a cause of action
15  scattered throughout the complaint and not organized into a "short and plain statement of the
16  claim" may be dismissed for failure to satisfy Rule 8(a).  See  Sparling v. Hoffman Constr.
17  Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.
18  1996).  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state
19  claims in "numbered paragraphs, each limited as far as practicable to a single set of
20  circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each
21  claim founded on a separate transaction or occurrence . . . must be stated in a separate count."
22  Fed. R. Civ. P. 10(b).  It is not the responsibility of the Court to review a rambling narrative
23  in an attempt to determine the number and nature of a plaintiff's claims.

24  The Court has reviewed Plaintiff's rambling 41-page, 236-paragraph Complaint and
25  concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.
26  The Court cannot meaningfully review the Complaint, as required by 28 U.S.C. § 1915A(a).
27  Accordingly, the Court will dismiss the Complaint with leave to amend.
28  . . . .

1  **II.     Leave to Amend**

2       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
3  comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Within 30 days,
4  Plaintiff may submit a first amended complaint on the form provided with this Order.  If
5  Plaintiff fails to use the form provided with this Order, the Court may strike the amended
6  complaint and dismiss this action without further notice to Plaintiff.

7       Plaintiff must clearly designate on the face of the document that it is the "First
8  Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety
9  on the form provided with this Order and may not incorporate any part of the original
10 Complaint by reference.

11      Plaintiff must comply with the instructions provided with the form.  Plaintiff should
12 pay close attention to the instructions provided with the form.  If Plaintiff fails to comply
13 with the instructions provided with the form, the Court may strike the amended complaint
14 and dismiss this action without further notice to Plaintiff.

15      Among other requirements contained in the instructions, Plaintiff must provide
16 information in an amended complaint regarding the Court's jurisdiction and the defendants,
17 and he must divide his lawsuit into separate counts.  In each count, Plaintiff must identify the
18 federal constitutional civil right allegedly violated, check the box for the issue most closely
19 involved, state how each defendant participated in the alleged violation at issue, explain how
20 Plaintiff was injured by the alleged violation, and mark whether Plaintiff exhausted any
21 available administrative remedies.  Plaintiff must repeat this process for each civil rights
22 claim.  **Plaintiff may allege only one claim per count.**

23      A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
24 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
25 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
26 nonexistent. Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
27 complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d
28 565, 567 (9th Cir. 1987).

**III.    Plaintiff's Objections**

In ordering this case transferred from the Sacramento Division to the Fresno Division, Magistrate Judge Mueller stated "[t]o the extent that the court can understand this rambling and repetitive complaint, the bulk of the alleged violations took place in Kern and Kings Counties, which are part of the Fresno Division of the United States District Court for the Eastern District of California." Magistrate Judge Mueller then transferred the case to the Fresno Division.

Plaintiff challenges the "flawed analysis" in Magistrate Judge Mueller's Order. However, the undersigned judge is no better able to decipher Plaintiff's rambling Complaint than Magistrate Judge Mueller and, therefore, the Court declines to alter Magistrate Judge Mueller's conclusions.

**IV.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

**IT IS ORDERED:**

(1) The Complaint (Doc. #1) is **dismissed** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

(2) Plaintiff's "Objections to Magistrate—KJM—Flawed Intradistrict Transfer Order" (Doc. #13) is **denied**.

(3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(4) The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 12th day of February, 2009.

Frederick J. Martone
United States District Judge