IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donnie Phillips, ) | No. CV 1-08-1388-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Timothy Turmezei, et al., ) | |
| Defendants. ) | |

We now have before us plaintiff's "Request for Court Order for Service of USM-285" (doc. 40).

In our order dated January 27, 2010 (doc. 33), we noted that plaintiff returned to the Court a completed summons and USM-285 for defendant Murphy, but as of that date Murphy had not waived service, been served, or made an appearance in this case. We stated that we would not dismiss Murphy unless (1) plaintiff did not provide the U.S. Marshal with information sufficient to permit service on Murphy, and (2) plaintiff fails to promptly rectify any defect in the information provided to the U.S. Marshal after receiving notice of the defect.

On June 14, 2010, the U.S. Marshal filed with the Court a process receipt showing that the summons as to Murphy was returned unexecuted. The process receipt stated that it was mailed "to [California Department of Corrections] HQ (no address provided by plaintiff) unable to locate through CDC locator" (doc. 39). Thus, plaintiff has now received notice that

he did not provide the U.S. Marshal with sufficient information to effect service on defendant Murphy.

Where a plaintiff proceeding *in forma pauperis* provides the U.S. Marshal with sufficient information to effectuate service, and upon Court order, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). However, where a plaintiff fails to provide the U.S. Marshal with accurate and sufficient information to effect service, the court's *sua sponte* dismissal of the unserved defendant under Rule 4(m), Fed. R. Civ. P., is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *overruled on other grounds*.

The first amended complaint, filed on March 16, 2009, has not been served on defendant Murphy. Although plaintiff has requested that the Court direct the U.S. Marshal to attempt service yet again, he provides no information as to Murphy's whereabouts such that service can be effected. According to the returned summons, plaintiff did not provide an address for defendant Murphy. The U.S. Marshal mailed the summons to the California Department of Corrections ("CDC") headquarters and searched the CDC employee locator but was unable to locate defendant Murphy. The U.S. Marshal has no additional duty to assist a plaintiff in locating a defendant's address for the purpose of service of process.

Notwithstanding that service on defendant Murphy has far exceeded the Rule 4(m), Fed. R. Civ. P., deadline, we grant plaintiff an additional 20 days from the entry date of this order to provide the Court with an accurate and current address for defendant Murphy sufficient to permit service. Failure to provide sufficient information within this deadline, will result in the dismissal of claims against Murphy.

Plaintiff's "Request for Court Order for Service" is DENIED (doc. 40).

DATED this 30th day of June, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -