MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donnie Phillips, | No. CV 1-08-1388-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Timothy Turmezei, et al., | |
| Defendants. | |

In a January 27, 2010 Order (Doc. 33), the Court noted that Plaintiff had returned to the Court a completed Summons and USM-285 for Defendant Murphy, but Defendant Murphy had not waived service, been served, or made an appearance in this case. The Court stated that it would not dismiss Defendant Murphy, even if Defendant Murphy was not served within 120 days, unless (1) Plaintiff did not provide the United States Marshal with information sufficient to permit the United States Marshal to serve Defendant Murphy and (2) Plaintiff failed to promptly rectify any defect in the information provided to the United States Marshal after receiving notice of the defect.

On June 14, 2010, the United States Marshal filed a USM-285 (Doc. 39) showing that the summons for Defendant Murphy was returned unexecuted. The United States Marshal indicated that Plaintiff had not provided an address for Defendant Murphy, that the summons had been mailed to the California Department of Corrections and Rehabilitations (CDCR)

1  Headquarters, and that the United States Marshal had been unable to locate Defendant
2  Murphy through the CDCR Locator.
3      In a June 30, 2010 Order (Doc. 41), the Court stated that the June 14th document
4  provided Plaintiff with notice that he had failed to provide the United States Marshal with
5  sufficient information to effect service on Defendant Murphy.  The Court granted Plaintiff
6  an additional 20 days to provide the Court with an accurate and current address for
7  Defendant Murphy sufficient to permit service.
8      On July 9, 2010, Plaintiff filed a "Response to Order for Accurate and Current
9  Addresses for Def. Anthony Murphy" (Doc. 42).  In that document, Plaintiff states that he
10 has determined that Defendant Murphy works for the CDCR's Special Gang Investigations
11 Agency.  He provides two address for the United States Marshal to use to serve Defendant
12 Murphy, stating that he has been assured that these addresses are "true and correct" for
13 Defendant Murphy.
14     The Court will order the United States Marshal to attempt service on Defendant
15 Murphy.
16 **IT IS ORDERED:**
17     (1)    Within **20 days** of the date of filing of this Order, United States Marshal must:
18         (a)    personally serve copies of the Summons, the First Amended Complaint
19 (Doc. 19), the Court's June 22, 2009 Order (Doc. 21), the Court's January 27, 2010
20 Order (Doc. 33), and this Order upon Defendant Murphy pursuant to Rule 4(e)(2) of
21 the Federal Rules of Civil Procedure, and shall command all necessary assistance
22 from the California Department of Corrections and Rehabilitation (CDCR) to execute
23 this Order.  The United States Marshal must maintain the confidentiality of all
24 information provided by the CDCR pursuant to this Order.
25         (b)    **In attempting to personally serve Defendant Murphy, the**
26 **United States Marshal shall use the addresses provided to the Court in**
27 **Plaintiff's July 9, 2010 Response (Doc. 42):**
28

- 2 -

**Office for Correctional Safety-Rancho Cordova**
**8880 Sunrise Boulevard, Suite 130**
**Rancho Cordova, CA 95742**
**and**

**Office for Correctional Safety-Bay Area**
**501 Canal Boulevard, Suite H**
**Point Richmond, CA 94804**

(2)   Within **30 days** of the date of filing of this Order, the United States Marshal must file the return of service indicating either that Defendant Murphy has been served or why the United States Marshal has been unable to locate Defendant Murphy.

(3)   Defendant Murphy must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

DATED this 3rd day of August, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge