**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donnie Phillips, | No. 1:08-CV-1388-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Timothy Turmezei, et al., | |
| Defendants. | |

Defendants have filed a Motion for Summary Judgment (doc. 52) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

Pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment on some or all of plaintiff's claims in favor of defendants without trial. See Rule 56(b). Defendants' motion will set forth the facts which defendants contend are not reasonably subject to dispute and that entitle defendant to judgment as a matter of law. See Rule 56(c).

Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion, plaintiff must show proof of his or her claims.  Plaintiff may agree with the facts set forth in defendants' motion but argue that defendants are not entitled to judgment as a matter of law.  Plaintiff may show defendants' facts are disputed in one or more of the following ways: (1)  plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies; (2)  plaintiff may also serve and file affidavits or declarations[1] setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) plaintiff may also rely upon written records but plaintiff must prove that the records are what plaintiff claims they are[2];  (4)  plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff uses affidavits or declarations they must be signed, or else they will be stricken.  Should plaintiff fail to contradict defendants' motion with affidavits, declarations, or other evidence, defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. See Rule 56(e).

If there is some good reason why such facts are not available to plaintiff when required to oppose such a motion, the court will consider a request to postpone considering defendants' motion. See Rule 56(f).  If plaintiff does not serve and file a request to postpone consideration of defendants' motion or written opposition to the motion, the court may consider plaintiff's failure to act as a waiver of opposition to

---

[1]  An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on  personal knowledge and must set forth facts as would be admissible in evidence. See Rule 56(e).

[2]  Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Rule 56(e).

defendants' motion. Plaintiff's waiver of opposition to defendants' motion may result in the entry of summary judgment against plaintiff.

Rule 260, LRCiv. also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must include numbered paragraphs corresponding to the defendants' ("moving party's") separate statement of facts:

> (b) **Opposition.** Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

LRCiv. 260(b).

You must timely respond to all motions. The opposition time for the motion for summary judgment is 21 days after the filing of the motion, plus three days allotted for mailing. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local rules of the Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (per curiam).

**IT IS ORDERED** that plaintiff must file a response to defendants' Motion for Summary Judgment, together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits, no later **December 20, 2010,** with three days afforded for mailing.

**IT IS FURTHER ORDERED** that defendants may file a reply within 7 days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be

- 3 -

1 deemed ready for decision without oral argument on the day following the date set for
2 filing a reply unless otherwise ordered by the Court.
3       DATED this 7th day of December, 2010.

                    *Frederick J. Martone*
                    Frederick J. Martone
                    United States District Judge